UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

**Filed 1/24/97**

PAULA E. WILKERSON,

      Plaintiff-Appellant,

v.

SHIRLEY S. CHATER, Commissioner
of Social Security Administration,[*]

      Defendant-Appellee.

No. 96-5097
(D.C. No. 93-C-1046-H)
(N.D. Okla.)

ORDER AND JUDGMENT[**]

Before ANDERSON, KELLY, and LUCERO, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]    Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. In the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying administrative decision.

[**]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Claimant Paula E. Wilkerson appeals from the district court's order adopting the recommendation of the magistrate judge affirming the Secretary of Health and Human Services' denial of her application for Social Security disability insurance and supplemental security income benefits. Claimant, a thirty-three-year-old woman with a GED, claims disability from July 26, 1988, due to pain in her left foot and back, chronic asthma, carpal tunnel syndrome, and chronic stress.

Claimant's application for benefits was denied initially and on reconsideration. Following a hearing, the administrative law judge (ALJ) denied claimant's application at step-four of the five-step sequential process, see Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988), finding that claimant could return to her past relevant work.

On appeal, claimant argues that substantial evidence does not support the ALJ's determination that she is capable of performing her past relevant work. Specifically, she asserts that (1) the ALJ erred in failing to consider all of the medical evidence, (2) the ALJ erroneously relied on the testimony of the vocational expert to prove a step-four determination, (3) the ALJ applied incorrect legal standards in determining claimant's testimony incredible, and (4) the ALJ failed to properly evaluate the demands of her past relevant work in relation to her residual functional capacity.

Our review of the Secretary's decision is limited to determining whether the decision is supported by substantial evidence and whether the Secretary applied correct legal standards. Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994). "To find that the Secretary's decision is supported by substantial evidence, there must be sufficient relevant evidence in the record that a reasonable person might deem adequate to support the ultimate conclusion." Bernal v. Bowen, 851 F.2d 297, 299 (10th Cir. 1988). However, we may neither reweigh the evidence nor substitute our judgment for that of the Secretary. Id.

An individual is disabled within the meaning of the Social Security Act only if his impairments are so severe that he "is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A). If a claimant meets his burden of proving that he cannot return to his past work, the burden shifts to the Secretary to show that the claimant can perform other jobs in the national economy. Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

Initially, claimant asserts that the ALJ erred in failing to consider all of the medical evidence presented. Claimant alleges that when evaluating claimant's mental impairments, the ALJ relied on the evidence contained in the progress

reports from the Star Community Mental Health Center from October 1991 to August 1992, and ignored the evidence contained in the progress notes for the period of September 1992 to February 1993, and the results of the Minnesota Multiphasic Personality Psychological Evaluation performed on October 21, 1991.

In her psychiatric examination and treatment, claimant was observed to have no difficulty remembering, comprehending, or carrying out simple instructions. As the ALJ discussed, she was diagnosed with dysthymia on Axis I and a personality disorder not otherwise specified on Axis II. Although the evidence indicates that claimant had some problems with depression and passive aggressive presentation, she had no delusions, no hallucinations, and no perceptual problems.

The therapy notes that claimant argues the ALJ ignored are mainly concerned with problems centered around her family and her feelings regarding her relationships with her family. There is no indication that any of the manifestations of her problems would limit her ability to do work-related activities. In the MMPPE report, the examiner noted that claimant had a low tolerance for external stress. R. Vol. II at 344. Claimant argues that this limitation should have been included in claimant's residual functional capacity. The examiner's report also notes, however, that because this was the only evaluation instrument given to claimant, the report cannot be considered a

complete assessment of claimant's personality structure and functioning. Id. at 345.

Therefore, as the ALJ stated that his decision was based upon "full and careful review of the testimony and evidence," there is no indication that all of the medical evidence presented was not considered by the ALJ. See Clifton v. Chater, 79 F.3d 1007, 1009-10 (10th Cir. 1996) (the record must show that the ALJ considered all the evidence presented, but the ALJ is not required to discuss every piece of evidence).

Next, claimant asserts that the ALJ applied an incorrect legal standard when analyzing her credibility as to her subjective complaints of pain. "'Credibility determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence.'" Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995) (quoting Diaz v. Secretary of Health & Human Servs., 898 F.2d 774, 777 (10th Cir. 1990)). In determining the credence given to a claimant's statements regarding disabling pain, the ALJ considers the level and effectiveness of medication, the attempts to seek treatment and relief, the nature of daily activities, observation of the claimant, and the consistency of the statements with the objective medical evidence. See Huston v. Bowen, 838 F.2d 1125, 1132 (10th Cir. 1988).

Here, the ALJ concluded that claimant's allegations of pain were "substantially overstated" and "would not interfere with her concentration or performance of a work-related activity at either a sedentary or a light level of work." R. Vol. II at 19. In reaching this conclusion, the ALJ considered the medical evidence, claimant's mental stability, and her activities of daily living.

Claimant suffered a work-place injury to her left foot in 1988. The foot was initially diagnosed as bruised. Claimant was given a week of physical therapy and was released to return to work. Because the pain persisted, she was rediagnosed with a fracture, and the foot was casted for ten days. A subsequent bone scan of the foot was negative. Dr. Alan Lewis, an orthopedic surgeon, examined claimant in August 1988, and opined that claimant's symptoms were out of proportion with his clinical findings. Id. at 177. The ALJ, therefore, found that the pain in claimant's left foot was only minor.

The ALJ found that although claimant had been diagnosed with carpal tunnel syndrome, during her examination in May 1992, she exhibited no restriction of motion or pain. He further concluded that her complaints of back pain lacked any objective medical support. The medical evidence supports the ALJ's conclusion that claimant's asthma only produced moderate restriction on her pulmonary function, and she responded well to bronchodilators.

Consequently, the medical evidence does not support claimant's allegations of disabling pain. Although, it was suggested that psychological factors may affect her physical condition, the record supports the ALJ's conclusion that these factors only slightly interfered with claimant's activities, and did not preclude work activities at the light or sedentary level. Claimant testified that she cleaned house daily, cooked, grocery shopped, drove her car, and visited friends. The ALJ did find that claimant had a described deficiency of concentration, but with a seldom degree of limitation. He concluded that claimant had never experienced a deterioration or decompensation in a work or work-like setting. Id. at 19. The ALJ applied the correct legal standards and articulated specific reasons for his decision. Therefore, we conclude that claimant has not presented any grounds for disturbing the ALJ's credibility determination.

Next, claimant contends that the ALJ's determination that claimant could perform her past relevant work as "a light cashier or sedentary assembler I" was not supported by substantial evidence. Specifically, claimant asserts that claimant did not perform sedentary assembly work in the past. The vocational expert testified that claimant had the residual functional capacity to perform her past relevant work as a cashier at the light level or as a security guard that works as a gate keeper at the sedentary level. Id. at 63. In his decision, the ALJ found that

claimant could return to her past relevant work as a cashier at the light level or as an assembler I at the sedentary level.

In addressing this contention of error in the district court, the magistrate judge agreed that claimant had no history of assembly work, but opined that the ALJ "meant to identify the sedentary security guard position" which was presented as past relevant work of claimant. R. Vol. I at 7. We agree. The job of assembler was identified by the vocational expert as other work in the national economy that claimant could perform. R. Vol. II at 64. While the ALJ's confusion of the two occupations is unfortunate, it does not constitute reversible error, and in light of our decision in this case, is irrelevant.

Finally, claimant asserts two errors in the ALJ's step-four analysis. First, she contends that the ALJ failed to properly evaluate the demands of her past relevant work and compare those demands to her residual functional capacity according to Henrie v. United States Department of Health & Human Services, 13 F.3d 359 (10th Cir. 1993), and second, that the ALJ incorrectly relied on the testimony of the vocational expert to prove a step-four determination. For the following reasons, we affirm without reaching the merits of these contentions.

The magistrate judge upheld the ALJ's decision that claimant was capable of performing her past relevant work as characterized by the vocational expert, and that the ALJ had adequately developed the record as to claimant's limitations

and the demands of her past relevant work.  R. Vol. I at 7-8.  The magistrate

judge further found that, even if the ALJ's step-four evaluation was insufficient,

he elicited testimony from the vocational expert which would support a step-five

determination of no disability.[1]  Id. at 8.

Claimant did not designate the magistrate judge's step-five determination

as an issue for review in either the docketing statement or in the statement of

issues in her opening brief.  Claimant's only challenge to the step-five

determination is a conclusory argument that the hypothetical posed to the

vocational expert did not adequately reflect claimant's limitations.  Claimant does

not present this argument with any specificity or clarity, and therefore, we

conclude that the issue is insufficiently developed to afford meaningful review.

See Murrell v. Shalala, 43 F.3d 1388, 1389 n.2 (10th Cir. 1994) ("perfunctory

complaints," not adequately framed or developed, are insufficient to invoke

appellate review).

Because we conclude that the step-five determination stands as

unchallenged and as an independent and sufficient basis for a denial of benefits,

we discern no need to discuss the merits of claimant's arguments regarding the

step-four determination.  See id, at 1389-90; see also Berna v. Chater, 101 F.3d

_____

[1]    Claimant does not challenge the propriety of this determination by a
magistrate judge, and we deem the issue waived.  See Berna v. Chater, 101 F.3d
631, 633 (10th Cir. 1996).

-9-

631, 632-33 (10th Cir. 1996). We note that although the ALJ's decision stopped short of a step-five determination, the necessary evidence and findings to support the alternate determination are present in the record and in the body of the ALJ's decision. See Berna, 101 F.3d at 634.

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.

Entered for the Court

Stephen H. Anderson
Circuit Judge